IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JULIANNA AGARDI,

        Plaintiff,

   v.

CITY & COUNTY OF SAN FRANCISCO,

        Defendant.
_____/

No. CV 12-03475 RS

**ORDER DENYING JUDGMENT ON THE PLEADINGS AND GRANTING MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff Agardi brings this action against the City and County of San Francisco, alleging that the City's 2002 "Care Not Cash" initiative is unlawful and that she has been injured by its enactment.  Specifically, she claims defendant violated Federal RICO laws under 18 U.S.C. §1965, deprived her of her rights in violation of 42 U.S.C. §1983, and deprived her of due process.  Plaintiff previously brought suit in California Superior Court alleging the Care Not Cash initiative violated both state and federal laws.  Judgment was entered in favor of defendant. Plaintiff appealed the decision, and on March 27, 2012, the California Court of Appeal affirmed the Superior Court's judgment in favor of defendant.  Plaintiff has moved for judgment on the

pleadings. Defendant has moved to dismiss, arguing plaintiff's claims are barred by *res judicata*. Pursuant to Civil Local Rule 7-1(b), this matter has been taken under submission and decided without oral argument. For the reasons set forth below, plaintiff's motion for judgment on the pleadings is denied, and defendant's motion to dismiss is granted, without leave to amend.

## II.    BACKGROUND

San Francisco's General Assistance (G.A.) program was modified in 2002 when voters approved Proposition N, known as the "Care Not Cash" initiative. This proposition required that, for G.A. recipients who declared themselves homeless, aid would be provided primarily in the form of "in-kind benefits for housing utilities and meals," rather than in cash. (S.F. Admin. Code §20.59.3). As a result, monthly cash stipends were reduced to $59 per recipient. Agardi receives G.A. assistance. She alleges that, as a result of this change, she has lost $340 a month in cash, a reduction in food stamps, a loss of lunch money, and has overpaid for her rent. She seeks compensatory and punitive damages for the alleged violations of RICO in the amount of $15 million, and of §1983 in an amount exceeding $5 million.

## III.    LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Pleadings must be so construed so as to do justice." Fed. R. Civ. P. 8(e). While "detailed factual allegations are not required," a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 566 U.S. 652, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard asks for "more than a sheer possibility that a defendant acted unlawfully." *Id.* This determination is a context-specific task requiring the court "to draw in its judicial experience and common sense." *Id*. at 1950.

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of*

1  *Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  Dismissal under Rule 12(b)(6) may
2  be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts
3  alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699
4  (9th Cir. 1990).  When evaluating such a motion, the court must accept all material allegations in
5  the complaint as true, even if doubtful, and construe them in the light most favorable to the non-
6  moving party.  *Twombly*, 550 U.S. at 570.  "[C]onclusory allegations of law and unwarranted
7  inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim."
8  *Epstein v. Wash. Energy Co.,* 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Twombly*, 550 U.S. at
9  555 ("threadbare recitals of the elements of the claim for relief, supported by mere conclusory
10 statements," are not taken as true).

In dismissing a complaint, leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment.  *Lucas v. Dep't of Corporations*, 66 F.3d 245, 248 (9th Cir. 1995).  When amendment would be futile, however, dismissal may be ordered with prejudice.  *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

## IV.   DISCUSSION

### A.   Motion for Judgment on the Pleadings

Plaintiff filed her motion for judgment the pleadings on October 4, 2012, shortly after filing her complaint, before defendant had an opportunity to answer or move to dismiss plaintiff's claims.  Under Federal Rule of Procedure 12(c), either party may bring a motion for judgment on the pleadings "[a]fter the pleadings are closed." Fed. R. Civ. Proc. 12(c). Defendant filed its motion to dismiss on October 15, 2012.  A motion to dismiss is not a pleading under Rule 7(a).  Because defendant has not yet filed an answer, a motion for judgment on the pleadings is premature.  It follows that plaintiff's motion is denied.

### B.   Motion to Dismiss

Federal courts must give full faith and credit to state court judgments under 28 U.S.C. §1738.  *Res judicata*, or claim preclusion, prohibits lawsuits on "any claims that were raised or could have been raised" in a prior action.  *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d

1 708, 713 (9th Cir.2001) (quoting *W. Radio Servs. Co. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir.1997)). *Res judicata* applies when there is: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Id.*

While there is identity of the parties and a prior judgment on the merits in state court, plaintiff has asserted differently labeled claims for relief in her federal action. The question is, therefore, whether the federal claims are barred by the state court's ruling. Four factors are used to determine whether two suits involve the same claim or cause of action. First, whether the two suits arise out of the same transactional nucleus of facts; second, whether rights or interests established in the prior judgment would be impaired by the prosecution of the second action; third, whether the two suits involve infringement of the same right; and fourth, whether substantially the same evidence is presented in the two actions. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).

The Ninth Circuit uses a "transaction test" to determine whether two suits share a common nucleus of operative fact. *Int'l Union v. Karr,* 994 F.2d 1426, 1429-30 (9th Cir.1993). "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Western Sys., Inc. v. Ulloa,* 958 F.2d 864, 871 (9th Cir.1992) (citing Restatement (Second) Judgments § 24(2) (1982)). The Ninth Circuit held in *Turtle Island Restoration Network v. U.S. Dep't. of State*, 673 F.3d 914 (9th Cir. 2012), that when two claims arise from the same transactional nucleus of facts, they not only *may*, but *must* be brought together. That court concluded that, while the "two actions may be procedurally different" both arose from the same government action, and thus *res judicata* barred the second action from going forward. In *Owens*, the Ninth Circuit similarly held that plaintiffs' allegations of racial discrimination in violation of Title VII related to the same set of facts as those underlying their previous claim for wrongful discharge. 244 F.3d at 714. Plaintiffs' federal claims for relief were therefore barred by a prior judgment on the merits of their state law cause of action. *Id*. at 714-15.

In the present case, plaintiff previously brought several claims in state court, alleging the Care Not Cash initiative to be unlawful. The court granted defendant's motion for judgment on the pleadings, finding the "entirety of Agardi's complaint depends on her argument that the City is obligated to provide [G.A.] benefits in the form of cash." Ex. D. *See also* Ex. E at 7. The court went on to explain that this argument is foreclosed by settled appellate precedent, to which the California Court of Appeal subsequently agreed. Ex. E. Plaintiff has now brought three newly cast claims for relief: violation of RICO, §1983 civil rights violations, and deprivation of due process. Like those brought in state court, these claims are entirely premised on the argument that the City's General Assistance program acted unlawfully by choosing to distribute in-kind benefits rather than cash. There is no question that the issues raised arise from the same nucleus of fact and could have been brought in state court. It follows that plaintiff's claims are barred by *res judicata*.

This Court must give the same preclusive effect as a state court would give to a state court judgment. *Feminist Women's Health Ctr. v. Codispoti*, 63 F.3d 863, 867 (9th Cir. 1995). The California Supreme Court has held that "a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though he presents a different *legal ground* for relief." *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 798 (2010) (emphasis in original). In *Boeken*, the California court determined that plaintiff's claim for wrongful death was precluded by her earlier claim for loss of consortium. *Id.* at 814-15. It reasoned that both claims arose from the same harm suffered, and thus the difference in legal theories presented was immaterial to the question of *res judicata*. *Id.*

Similarly, in this case, while plaintiff asserts three theories for relief, the underlying harm, substitution of in-kind benefits for cash, is the same as the injury underlying the claims previously brought in state court. It follows that these new claims are barred by *res judicata* under California law, as well as Ninth Circuit precedent. Accordingly, defendant's motion to dismiss is granted. As leave to amend would be futile in this instance, the action is dismissed with prejudice.

V.     CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings is denied. Defendant's motion to dismiss is granted without leave to amend.

IT IS SO ORDERED.

Dated: 11/20/12

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE